■ SUFFOLK COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants.—In a proceeding pursuant to CPLR article 75 to prevent the appellants from transferring the petitioner John Gang to a new squad assignment in the Suffolk County Police Department, the appeal is from an order of the Supreme Court, Suffolk County (Gowan, J.), entered July 28, 1988, which granted the petitioners' application for a preliminary injunction pending arbitration.

Ordered that the order is affirmed, with costs.

CPLR 7502 (c) provides: "The supreme court in the county in which an arbitration is pending, or, if not yet commenced, in a county specified in subdivision (a), may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose) if the application is made before commencement, except that the sole ground for the granting of the remedy shall be as stated above."

The "sole ground" for granting relief in an arbitrable controversy is to be "ascertained from within the parameters of the provision itself", and CPLR 6301, which governs the grounds for the granting of preliminary injunctions and temporary restraining orders, is "simply inapplicable" to applications for injunctive relief in such arbitrable controversies *(see, Drexel Burnham Lambert v Ruebsamen,* 139 AD2d 323, 328).

The issue here is whether "the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief", i.e., a preliminary injunction (CPLR 7502 [c]; *Drexel Burnham Lambert v Ruebsamen, supra).*

The record in this case sufficiently supports a finding that, absent a preliminary injunction restoring the petitioner to his former position in the Suffolk County Police Department pending arbitration, it is possible, if not likely, that his effectiveness in fulfilling his duties as the sole trustee of the Patrolmen's Benevolent Association, Inc., for his police precinct will be undermined, thus rendering ineffectual any award to which he may be entitled *(see,* CPLR 7502 [c]). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.